**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WENDELL ROSS, | : | |
| | : | Civil Action No. 12-338 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BURLINGTON COUNTY JAIL, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    WENDELL ROSS, Plaintiff pro se
    # 741036/332034-B
    Southern State Correctional Facility
    4295 Rt. 47
    Delmont, New Jersey 08314

**SIMANDLE**, Chief Judge

    Plaintiff, Wendell Ross, a state inmate confined at the Southern State Correctional Facility, seeks to bring this action *in forma pauperis*. On August 7, 2012, this Court entered an Order administratively terminating this case because Plaintiff had failed to pay the requisite filing fee or submit a complete *in forma pauperis* application with his six-month institutional account certified by a prison official at the prison where Plaintiff was then confined. (*See* Dkt. # 2.) The August 7,

2012 Order allowed Plaintiff to re-open his case if he submitted a complete *in forma pauperis* application or paid the filing fee. (*Id*.) On August 14 and 22, 2012, Plaintiff submitted a complete *in forma pauperis* application with a letter asking that his action be re-opened. (*See* Dkt. ## 5, 6.) Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1998) and order the Clerk of the Court to re-open this case and file the Complaint accordingly.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.   BACKGROUND

Plaintiff, Wendell Ross ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the Burlington County Jail, Warden Cox, Aramark Food Service ("Aramark"), and Mr. Nelson, Aramark Supervisor. (Dkt. # 1, Complaint, Caption, ¶¶ 4, 6.) The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.

The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on November 7, 2011, while he was a pretrial detainee confined at the Burlington County Jail, he suffered second degree burns on his head, chest and face from boiling water.  In particular, on that date, Plaintiff was working as a cook in the kitchen at Burlington County Jail.  He alleges that he did not receive any training, and that the "stove-top range" was "unsafe."  (*Id.*, ¶ 6.)

Plaintiff further alleges that Defendant Nelson told him the equipment "belongs to [the] County," and that Defendant Warden Cox allegedly stated that the equipment was "faulty and will be replaced."  (*Id.*)  Plaintiff asserts that both Defendants are "negligent and responsible for [Plaintiff] being burned and [] fired from his job."  (*Id.*)

Plaintiff seeks an unspecified amount of money damages to compensate him for his injuries.  (*Id.*, ¶ 7.)

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  The

Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Accordingly, Plaintiff's Complaint is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To prevent summary dismissal, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir.2009) (citation omitted).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of the complaint are plausible. *See Iqbal*, 556 U.S. at 678-79; *Warren Gen. Hosp.*

4

*v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citation omitted). Thus, factual allegations must be more than speculative, but the pleading standard "is not akin to a 'probability requirement.'" *Covington v. International Association of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556). That said, in light of the Plaintiff's pro se status, the Court liberally construes the complaint in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011) ("Pro se filings ... must be liberally construed.").

### III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). *See also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

This Complaint will be dismissed with prejudice, in its entirety, as against Defendant Burlington County Jail, for failure to state a claim, because Defendant is not a "person" acting under color of state law, subject to suit under § 1983. *See Duran v. Merline*, No. 07-3589 (RMB), --- F.Supp.2d ----, 2013 WL 504582, *20, fn. 4 (D.N.J. 2013); *Grabow v. Southern State Correctional Facility,* 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a person under § 1983); *Parrish v. Aramark Foods, Inc.*, No. 11-5556 (NLH), 2012 WL 1118672, *3 (D.N.J. Apr. 2, 2012). *See also Marsden v. Federal BOP*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D.Ill. 1993) (a jail is not a "person" under § 1983).

IV. DISCUSSION

The Complaint asserts a negligence-based claim against the remaining Defendants, Warden Cox, Aramark, and Supervisor Nelson. The Complaint does not allege any constitutional wrongs. At best, the Complaint alleges that Defendants were negligent in making Plaintiff work in the kitchen with faulty equipment. (*See* Dkt. # 1, Complaint, ¶ 6.) This assertion, however, amounts to nothing more than a claim of negligence on the part of Defendants.

The Supreme Court has held that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998). "[M]erely negligent misconduct will not give rise to a claim under § 1983; the state defendant must act with a higher degree of intent". *Burton v. Kindle*, 401 F. App'x 635, 637 (3d Cir. 2010) (citing *Lewis*, 523 U.S. at 849). Indeed, the Supreme Court has long held that prison authorities' mere negligence in and of itself does not violate a prisoner's constitutional rights. *See Daniels v. Williams*, 474 U.S. 327, 330-30 (1986). *See also Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 n. 2 (3d Cir. 2001). The United States Constitution is not a "font of tort law." *Lewis*, 523 U.S. at 847 n. 8, 848 (The

7

Constitution does not guarantee due care on the part of government officials.); *Innis v. Wilson*, 334 F. App'x 454, 457 (3d Cir. 2009).  In a due process challenge, the threshold question is whether the behavior of the government officer "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."  *Lewis*, 523 U.S. at 847 n. 8; *see Daniels*, 474 U.S. at 330 (claim arising out of a fall from pillow left on prison stairs is a claim of negligence, not actionable under the Due Process Clause of the Fourteenth Amendment); *Sanford v. Stiles*, 456 F.3d 298, 305 (3d Cir.2006).  *See also Robinson v. Temple Univ. Health Svcs.*, 2012 WL 6183603 at *2 (3d Cir. Dec. 12, 2012) (unpubl.) (allegations of negligence do not support a section 1983 claim).

When judged against this higher standard, the facts alleged here do not rise to such a level of indifference as to constitute gross negligence.  Plaintiff does not allege that Defendants knew or were made aware of the "faulty" stove top range before Plaintiff's accident.  Instead, Plaintiff simply alleges that he told Defendants about the faulty range after his injury.  At most, Plaintiff's allegations, if true, demonstrate only negligence.  Accordingly, the Complaint will be dismissed with prejudice, in its entirety as against the remaining

Defendants Warden Cox, Aramark, and Supervisor Nelson, for failure to state a cognizable claim under § 1983.

Plaintiff also cannot proceed with this negligence action against the remaining Defendants based on diversity jurisdiction. To establish diversity jurisdiction under 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). In this regard, a plaintiff relying on diversity of citizenship as the asserted basis for federal jurisdiction "'must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states.'" *Gay v. Unipack, Inc.*, No. 10-6221, 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011) (citation omitted). Thus, the Court may properly dismiss a complaint for lack of subject matter jurisdiction in the absence of complete diversity—i.e., where the plaintiff and any defendant are citizens of the same state. *Schneller*, 387 F. App'x at 292 (affirming district court' determination that it lacked diversity jurisdiction where plaintiff and eleven defendants were citizens of the same state).

Here, Plaintiff fails to assert complete diversity among the named Defendants, Warden Cox, Aramark and Supervisor Nelson. He also does not assert an amount in controversy over $75,000, as required to establish diversity jurisdiction under 28 U.S.C. § 1332(a). Therefore, the Complaint will be dismissed without prejudice as against Defendants Warden Cox, Aramark, and Supervisor Nelson, for failure to assert facts necessary to establish diversity jurisdiction at this time. The dismissal of negligence claims is without prejudice to Plaintiff's right to refile his negligence claims, if any, in a court of competent jurisdiction, i.e., the Superior Court of New Jersey, if he complies with the New Jersey Tort Claims Act requirements.

## V.   CONCLUSION

For the reasons set forth above, the Complaint asserting negligence claims under 42 U.S.C. § 1983 will be dismissed with prejudice, in its entirety, as against all named Defendants Burlington County Jail, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. To the extent that Plaintiff wishes to proceed with his negligence claim against Defendants, Warden Cox, Aramark, and Supervisor Nelson under 28 U.S.C. § 1332, the Complaint will be dismissed without prejudice because Plaintiff has not asserted facts to establish diversity

10

jurisdiction as required under 28 U.S.C. § 1332(a).  An appropriate order follows.

                                             **s/ Jerome B. Simandle**
                                             JEROME B. SIMANDLE, Chief Judge
                                             United States District Court

Dated: **July 11, 2013**